*244 GARTH, J.,
concurring:
Ibrahim was sentenced to 56 months’ imprisonment and supervised release for 3 years, and ordered to pay restitution of $302,301.72.
The Court, in its sentencing statement, accepted Ibrahim’s plea agreement and stated: “But rather than take issue with the probation department in terms of the loss amount and the number of victims,[4] the Court will accept the guidelines agreed to by the parties for purposes of a guidelines analysis.” The Court’s calculation of Ibrahim’s offense level under the Guidelines incorporated a determination of the amount of the loss, see U.S.S.G. § 2B1.1(b)(1), and the final offense level reflected the Court’s adoption of the loss amount to which the parties had agreed— between $70,000 and $120,000. See U.S.S.G. § 2B1.1(b)(1)(E).
I have a great concern that the restitution aspect of Ibrahim’s sentence is illegal, since we have held that the amount of a restitution order may not exceed the amount of the loss actually caused. United States v. Leahy, 438 F.3d 328, 337 (3d Cir.2006) (en banc); United States v. Diaz, 245 F.3d 294, 312 (3d Cir.2001). As I read the sentencing transcript of the Court, the District Court, in determining the appropriate Guidelines, calculated a loss of between $70,000 and $120,000. Since the Guidelines provide that the loss amount is the greater of actual or intended loss, see U.S.S.G. § 2B1.1 cmt. n. 3(A)(i), the actual loss as calculated by the District Court could have been no greater than $120,000. Yet the District Court imposed a restitution order in an amount of $302,301.72. This satisfies me that the District Court was in error.
However, Ibrahim did not raise this issue before the District Court, did not raise this issue on appeal and — upon filing a supplemental brief in response to the Court’s request that the parties discuss the possibility of an erroneous restitution order — failed to take issue with the restitution order in that brief. Hence, while I do not agree with the Government that the District Court’s restitution order was appropriate in light of 18 U.S.C. § 3664, as well as Ibrahim’s agreement in the plea agreement, I do agree that Ibrahim has forfeited any challenge to the restitution order by failing to raise this issue either before the District Court, on appeal, or by supplementary memorandum. See Maj. Op. at n. 4.
I therefore concur in Judge Rendell’s opinion affirming the judgment of the District Court.

. The Presentence Investigation Report prepared by the Probation Office found that the amount of loss was $303,201.72.